NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY A. WILSON, | |
| Plaintiff, | Civil Action No. 12-cv-5098 (JAP) |
| v. | **OPINION** |
| SAHBRA SMOOK JACOBS, *et al.*, | |
| Defendants. | |

PISANO, District Judge

This matter comes before the Court by way of Defendants the New Jersey Board of Bar Examiners and Sahbra Smook Jacobs' Joint Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendants' Motion to dismiss [docket # 8] is GRANTED and Plaintiff's Amended Complaint [docket # 12] is DISMISSED.

**I.    BACKGROUND**

*Pro se* Plaintiff, Tony A. Wilson ("Plaintiff") filed an Amended Complaint on August 12, 2013 against the New Jersey Board of Bar Examiners ("NJBBE") and Sahbra Smook Jacobs, in

---

[1] Plaintiff's Amended Complaint was filed on August 12, 2013. Other than adding the New Jersey Board of Bar Examiners as a defendant, it is identical to Plaintiff's original complaint. In that regard, although Defendants' motion to dismiss is addressed to Plaintiff's original complaint, "the court simply may consider the motion as being addressed to the amended pleading." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2012). Indeed, doing so in the instant case is particularly appropriate because, as discussed herein, "some of the defects raised in the original motion remain the new pleading." Id. ("[t]o hold otherwise would be to exalt form over substance") *see also Sunset Fin. Res., Inc. v. Redevelopment Group V, LLC,* 417 F. Supp. 2d 632, 642 (D.N.J. 2006) (addressing arguments made in motion to dismiss as if they were directed to the amended pleading); *Jordan v. City of Philadelphia,* 66 F. Supp. 2d 638, 641 n. 1 (E.D.Pa. 1999); *MSA Prods. Inc. v. Nifty Home Prods., Inc.,* 2012 WL 2132464, at *1 n. 1 (D.N.J. June 12, 2012).

1

her personal and official capacity as Chief Counsel of the State of New Jersey Committee on Character (collectively "Defendants"). In Plaintiff's Amended Complaint, he contends that his First, Sixth, and Fourteenth Amendment rights are being violated by the manner in which Defendants are processing his application for admission to the bar for the State of New Jersey.

Plaintiff alleges that he sat for, and passed, the July 2007 New Jersey Bar Examination, but has not been recommended for admission by the New Jersey Committee on Character (the "Committee"). According to Plaintiff, neither the Committee nor the New Jersey Supreme Court has issued a recommendation or final decision as to Plaintiff's application. Plaintiff alleges that Ms. Jacobs, acting in her capacity as Chief Counsel of the State of New Jersey Committee on Character, acted in bad faith by denying Plaintiff a bar license without equal protection and due process.[2]

Plaintiff claims that he has not received a formal hearing and that the Committee's delay in processing his application constitutes a violation of his substantive due process and equal protection rights. According to Plaintiff, the formal hearing process, stated in Rule 303:4:5 of the regulations on the New Jersey Committee on Character, is unconstitutional and creates a continuous violation of his Fourteenth Amendment rights. Plaintiff further alleges that by not providing "notice of the nature and cause of accusation" and a formal hearing on his application, the Committee has violated his Sixth Amendment rights and his First Amendment rights to petition the courts. Am. Compl. ¶ 47, 34.

Plaintiff has been unsuccessful in similar claims against Ms. Jacobs in this Court and claims against bar associations in Connecticut,[3] Florida[4] and Pennsylvania.[5] Plaintiff has brought

---

[2] Although Plaintiff claims that he has been unlawfully denied a bar license by the Committee, no determination has been issued either granting or denying Plaintiff's application.
[3] Plaintiff's claims against the Deputy Director of Attorney Services of the Connecticut Bar Examining Committee were dismissed pursuant to *Younger* abstention and quasi-judicial immunity. *See Wilson v. Emond,* No. 08-1399,

2

two previous actions against Ms. Jacobs, both asserting constitutional violations due to the manner in which the Committee was processing Plaintiff's application for admission to the New Jersey bar. In the first case, the Court dismissed the Amended Complaint because "(1) the plaintiff's claims were not ripe for judicial action, and (2) an award of relief to the plaintiff would be akin to an advisory opinion" and "federal courts are reluctant to review decisions by state courts concerning admissions to that state's bar." *Wilson v. Jacobs,* No. 10-3780, 2010 WL 5463897, at *1 (D.N.J. Dec. 28, 2010) (citing *Wilson v. Jacobs,* No. 08-4795, 2009 WL 1968788, at *5 (D.N.J. July 1, 2009)).

Following the Court's dismissal of his Amended Complaint, Plaintiff appealed to the Third Circuit. The Third Circuit affirmed the District Court's ruling that Plaintiff's "case is not yet ripe for adjudication" because "the parties do not have adverse interests nor is there a conclusive judgment since the Committee has not yet acted on Wilson's bar application" *Wilson v. Jacobs,* 350 Fed. Appx. 614, 616 (3d Cir. 2009). The Third Circuit "agree[d] with the District Court that issuing a judgment at this time would not be useful to the parties inasmuch as Wilson's claim involves uncertain and contingent events, namely that the committee may grant or deny his application." *Id.*

Subsequently, Plaintiff filed a second action asserting "identical claims" against Ms. Jacobs. *Wilson,* 2010 WL 5463897, at *1. The Court dismissed Plaintiff's Complaint finding that Plaintiff's claims were "not yet ripe for adjudication" and were "also barred by res judicata and

---

2009 WL 902380 (D.Conn. Apr. 1, 2009) ("The *Younger* abstention doctrine requires federal courts to abstain from asserting jurisdiction over 'federal constitutional claims that involve or call into question ongoing state proceedings.'") (citation omitted), *aff'd,* 373 Fed. Appx. 98 (2d Cir. 2010), *cert. denied,* 130 S.Ct. 3516 (2010).
[4] A claim against the Executive Director of the Florida Board of Bar Examiners was dismissed for lack of subject matter jurisdiction. *See Wilson v. Gavagni,* No. 08-361, 2009 WL 3055348 (N.D.Fla. Sept. 21, 2009), *appeal dismissed,* Order No. 09-14975 (11th Cir. Jan. 5, 2010), *cert. denied,* 130 S.Ct. 3510 (2010).
[5] A claim against the Executive Director of the Pennsylvania Board of Law Examiners was dismissed for lack of subject matter jurisdiction. *See Wilson v. Dows,* No. 08-2219, 2009 WL 3182548 (M.D.Pa. Sept. 30, 2009), *aff'd,* 390 Fed. Appx. 174 (3d Cir. 2010).

3

collateral estoppel." *Id.* The Court clarified that it was not abstaining from the second action because the claims were barred by res judicata and collateral estoppel, but explained that "to the extent that the plaintiff may be seeking relief from the ongoing proceedings concerning the plaintiff's admission to the bar of the State of New Jersey, this Court would not provide such relief" because "[a] federal court must abstain from exercising jurisdiction, under the *Younger* abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in the state court." *Id.* at n. 2 (citations omitted).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). The factual allegations in the complaint must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss under Rule 12(6)(6), the court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the plaintiff's claim. *Lum. v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements" will not suffice, and the Court need not credit a *pro se* Plaintiff's "bald assertions" or "legal conclusions." *Twombly,* 550 U.S. at 555.

## III. DISCUSSION

Plaintiff now asks the Court to rewrite the Committee's regulations and to enjoin Ms. Jacobs from considering charges filed against him by the Florida Board of Bar Examiners as well as his activities during proceedings in front of State of Florida Bar and his bar proceedings in Connecticut. In the present case, Plaintiff's asserts claims virtually identical those in his previous actions against Ms. Jacobs. Although Plaintiff amended his Complaint to include NJBBE as a defendant,[6] the Court agrees with the previous holdings of this Court and the Third Circuit and finds that Plaintiff's claims are not ripe for adjudication.

Ripeness ultimately derives from Article III's requirement that federal courts may decide only cases and controversies. *See Nextel Commc'ns of Mid-Atl. v. City of Margate,* 305 F.3d 188, 192 (3d Cir. 2002). The ripeness doctrine determines "whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Peachlum v. City of York, Pa.,* 333 F.3d 429, 433 (3d Cir. 2003) (citations omitted). "The ripeness doctrine prevents judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Lauderbaugh v. Hopewell Twp.,* 319 F.3d 568, 575 (3d Cir. 2003).

---

[6] In his Opposition, Plaintiff states that "[t]he law is clear that the New Jersey Board of Bar Examiners and the New Jersey Bar are state agencies immune under the Eleventh Amendment from suit in federal court." Opposition at 12. The Court is unclear as to why Plaintiff added NJBBE as a defendant if he believes that NJBBE is immune from suit in federal court under the Eleventh Amendment. However, NJBBE's Eleventh Amendment immunity does not alter the Court's holding that Plaintiff's claims are not ripe for adjudication.

The Third Circuit "analyze[s] ripeness under a threefold rubric, taking into consideration: (1) the adversity of the parties' interests, (2) the probable conclusiveness of a judgment, and; (3) the practical utility to the parties of rendering a judgment." *Wilson,* 350 Fed. Appx. at 616-17 (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.,* 239 F.3d 333, 342 (3d Cir. 2001)).

To meet the ripeness standard, a plaintiff must show either a specific present objective harm or the threat of specific future harm. *Laird v. Tatum,* 408 U.S. 1, 14 (1972). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998) (internal citations omitted). The "plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (internal citations and quotations omitted).

Plaintiff's claims are not ripe for judicial action because Plaintiff has not suffered a concrete or actual injury and has not established a substantial threat of future harm. Although Plaintiff contends that he has been deprived of a bar license, he has not been denied admission to the New Jersey Bar and has produced no evidence that he will be denied in the future. Furthermore, the Committee has yet to hold a hearing on Plaintiff's application in part because Plaintiff previously revoked authorization for the Committee to complete its review still has not filed the proper authorization required by NJBBE. *See* Reply Brief, Exhibit A. Despite his contentions, Plaintiff's application is still pending and he has not been denied a license to practice law in New Jersey. Thus, because "[P]laintiff's complaints are speculative at best, resting on contingent future events that may not occur as anticipated, if at all," Plaintiff's claims

are not ripe for review and judgment by the Court at this juncture would not benefit the parties. *Wilson,* 2010 WL 5463897, at *4. Accordingly, Plaintiff's Amended Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [docket #8] is GRANTED and Plaintiff's Amended Complaint [docket # 12] is DISMISSED. An appropriate Order accompanies this Opinion.


Date: January 30, 2014 /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

7